UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Duchesne*, 7:20cv28568 | Judge M. Casey Rodgers<br>Magistrate Judge Hope T. Cannon |

## ORDER

On July 7, 2020, Plaintiff Derek J. Duchesne's case was dismissed with prejudice, in part, for failing to file a Notice of Designated Forum or pay a filing fee by the court-imposed deadlines, which were twice extended by the Court, *sua sponte*. *See* ECF No. 6. Pending before the Court is Duchesne's Motion for Reconsideration and for Reinstatement of his case under Federal Rule of Civil Procedure 60, ECF No. 10, arguing the case should be reopened due to mistakes and unforeseen circumstances that led to the dismissal of his case. The Court finds no adequate justification for relief, and thus, Duchesne's motion is due to be denied.

In March 2020, Duchesne submitted a request to transition to the active docket through MDL Centrality. *See* ECF No. 10 at 1. BrownGreer processed Duchesne's request, and a Request for Transition to the 3M MDL Docket was filed on his individual docket by the Court on April 2, 2020. The Request for Transition states, in part, "[o]n receipt of the form, the Court will transfer this case from the

administrative docket" to the active docket. Additionally, the Request to Transition warned that a filing fee must be paid, and a Notice of Designated Forum must be filed on the individual docket within 10 days of the date the case is transferred to the active docket.[1] *See* ECF No. 2. The Court further notified Duchesne's counsel by email that his case was transferred to the active docket on April 3, 2020 and provided the deadlines for submitting the Short Form Complaint and Notice of Designated Forum.[2] *See* ECF No. 3.

Duchesne has thrice disregarded the Court's orders to pay a filing fee and file a Notice of Designated Forum, even after he was warned that failure to comply with the orders would result in dismissal of his case. Duchesne also twice disregarded the Court's order to serve his Short Form Complaint, and his counsel disregarded the Court's order to file a motion to appear *pro hac vice*. Counsel never sought an extension of the deadlines for compliance or otherwise offered an explanation for his inaction. Accordingly, the Court dismissed Duchesne's case with prejudice under Rules 16(f) and 37(b)(2)(A)(ii)-(vii) for failure to comply with the Court's pretrial

---

[1] Counsel contends that on April 29, 2020, he asked BrownGreer to withdraw the Request to Transition. *See* ECF No. 10 at 2. By this time, however, the request had already been processed by the Court and filed on Duchesne's individual docket. As a result, had Duchesne wished to withdraw the request, he should have filed a request to withdraw with the Court.

[2] Counsel asserts that Duchesne "had not received any information or notification about the case's transition." This is incorrect. The Court has confirmed that counsel was notified by email on April 3, 2020, that the administrative case filing was transferred to the active docket. The Court has further confirmed that counsel was notified by email on June 8, 2020, and June 18, 2020, of the Court's orders extending the deadline to perfect the filing and warning that Duchesne's case would be dismissed for failure to comply.

Case No. 7:20cv28568-MCR-HTC

orders. Duchesne now seeks relief from judgment under Rules 60(b)(1) and 60(b)(6) arguing confusion, mistakes, and unforeseen circumstances in the case's transition constitute excusable neglect. Alternatively, Duchesne requests relief under Rule 60(a) arguing a mistake on his Request for Transition form led to the dismissal.

Duchesne's request for relief due to mistake, inadvertence, surprise, or excusable neglect under Rule 60(b)(1) is time barred as the motion was filed over 10 months after the applicable one-year deadline.[3] *See* Fed. R. Civ. P. 60(c)(1). Duchesne's requests for relief under Rules 60(b)(6) and 60(a), although not time barred, are also denied for the following reasons.

Regarding Rule 60(b)(6), Duchesne does not articulate distinct grounds for relief under this provision. Instead, his arguments under Rule 60(b)(6) match his arguments under Rule 60(b)(1). This is improper since these provisions are "mutually exclusive" such that arguments made under Rule 60(b)(6) must be distinct from arguments under Rule 60(b)(1). *See Pioneer Invest. Srvs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S 380, 393 (1993). Moreover, as Duchesne was likely trying to do here, Rule 60(b)(6) cannot be used to avoid 60(b)(1)'s time bar. *See id*. Therefore, the Court finds no adequate grounds for relief under Rule 60(b)(6).

---

[3] Counsel asserts he was unaware of the July 7, 2020 Order dismissing Duchesne's case until May 2022. However, the Court has confirmed that counsel was notified of this Order by email on July 7, 2020.

Case No. 7:20cv28568-MCR-HTC

Regarding his request under Rule 60(a), Duchesne incorrectly contends that a court error warrants relief. There was no court error; instead, Duchesne and his counsel continually disregarded the Court's orders to properly transition his case which resulted in the subsequent dismissal. Duchesne acknowledges he submitted a request to transition. *See* ECF No. 10 at 5. This request met the requirements of Pretrial Order No. 22, regardless of Duchesne's status of being selected for a bellwether pool.[4] *See In re 3M Combat Arms Earplug Prod. Liab. Litig.*, Pretrial Order No. 22, ECF No. 898 at 9 (explaining that an administrative case is ready to transition if the plaintiff fulfilled his or her initial census obligations). At that point, Duchesne was on notice, that pursuant to the Court's prior orders in the MDL, his case would transition to the active docket, triggering the filing requirements and further indicating his need to keep apprised of changes to his individual docket. Additionally, as reflected in his email exchange with BrownGreer, Duchesne's counsel was informed that he would "receive an electronic ECF notification from the court when the transfer is complete." *See* ECF No. 10-4 at 3. This reinforced that counsel would receive updates through the ECF system and that Duchesne and his counsel should be monitoring the docket for these communications. To this end, the

---

[4] The Court notes Duchesne's Request for Transition mistakenly is marked "Yes" that his case was selected for the bellwether pool. However, this typographical error is irrelevant to the Court's analysis. Duchesne does not contend the Request for Transition includes any mistake in affirmatively indicating he fulfilled his initial census obligations.

Case No. 7:20cv28568-MCR-HTC

Court notified Duchesne that the transition approval and the subsequent orders had been entered on his individual docket, providing ample opportunity for him to contact the Court directly to correct any perceived error, request clarification, or notify the Court that he wished to withdraw his request to transition. Duchesne did none of these things. Thus, relief under Rule 60(a) is similarly unwarranted.

Accordingly, Duchesne's motion for relief from judgment is **DENIED**.

**SO ORDERED**, on this 23rd day of December, 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**